UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLA COLAMONICO, | ) | NO. CV 05-01654-MAN |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

Plaintiff Carla Colamonico filed a Complaint on March 8, 2005, seeking review of the denial by the Social Security Commissioner ("Commissioner") of Plaintiff's claim for Supplemental Security Income benefits ("SSI"). On April 5, 2005, the parties filed a "Consent to Proceed Before a United States Magistrate Judge," pursuant to 28 U.S.C. § 636. The parties filed a Joint Stipulation ("JS") on November 10, 2005, in which: Plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, alternatively, remanding the case for further appropriate proceedings; and Defendant requests that the Commissioner's decision be affirmed. The Court has taken the parties' JS under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

Plaintiff protectively filed her current application for SSI on January 25, 2002. (Administrative Record ("A.R.") 97-101.)[1] Plaintiff claims to have been disabled since December 6, 2001, due to several impairments, including carpal tunnel syndrome, status post stroke, Bell's palsy, and wrist pain. (A.R. 17, 128.) Plaintiff has past relevant work experience as a hairdresser/cosmetologist. (A.R. 17, 129.)

The Commissioner denied Plaintiff's claim for benefits initially and upon reconsideration. On December 17, 2003, Plaintiff, who was represented by counsel, appeared at a hearing before Administrative Law Judge James A. Paisley ("ALJ"). (A.R. 24-54.) On January 20, 2004, the ALJ denied Plaintiff's request for benefits. (A.R. 14-22.) On January 22, 2005, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (A.R. 6-8.)

**SUMMARY OF ADMINISTRATIVE DECISION**

In his January 20, 2004 written decision, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date. (A.R. 21.) He found that Plaintiff has "severe" impairments, consisting of bilateral carpal tunnel syndrome, status post

---

[1] Plaintiff previously filed an application for disability benefits, which was denied. (A.R. 55-56.) The Administrative Law Judge considering the present SSI application decided that the record should be reopened with respect to Plaintiff's previous application. (A.R. 17.)

right carpal tunnel release, status post Bell's palsy, and visual disturbance, but that Plaintiff's impairments do not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (*Id.*)

The ALJ further found that Plaintiff's complaints generally are not credible. (A.R. 21.) The ALJ found that Plaintiff has the residual functional capacity to perform a range of light work, with the following limitations: no lifting or carrying more than ten pounds frequently; standing, walking, and sitting for no more than six hours total in an eight-hour workday; the ability to alternate between sitting and standing; no extensive pushing or pulling with the bilateral upper extremities; no more than occasionally climbing or gross and fine manipulation; and no work requiring a full field of vision. (*Id.*) The ALJ concluded that Plaintiff is unable to perform her past relevant work as a hairdresser. (*Id.*) However, based on the testimony of the vocational expert, the ALJ found that there are a substantial number of jobs in the national economy that Plaintiff can perform, such as employment as a parking lot attendant. (A.R. 22.) Accordingly, the ALJ found that Plaintiff is not "disabled" within the meaning of the Social Security Act. (*Id.*)

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). The Commissioner's decision must stand if it is supported by substantial

evidence and applies the appropriate legal standards. <u>Saelee v. Chater</u>, 94 F.3d 520, 521 (9th Cir. 1996). Substantial evidence is "more than a mere scintilla but less than a preponderance - it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." <u>Moncada v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995).

Although this Court cannot substitute its discretion for that of the Commissioner, this Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." <u>Desrosiers v. Secretary of Health & Human Servs.</u>, 846 F.2d 573, 576 (9th Cir. 1988); <u>see also</u> <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039 (9th Cir. 1995). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and free from legal error, even when the record reasonably supports more than one rational interpretation of the evidence. *Id.* at 1039-40; *see also* <u>Morgan v. Commissioner of the Soc. Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir. 1999); <u>Flaten v. Secretary of Health & Human Servs.</u>, 44 F.3d 1453, 1457 (9th Cir. 1995).

**DISCUSSION**

Plaintiff alleges one disputed issue: she contends that the ALJ failed to properly consider her subjective symptom testimony. (JS at 4.)

**A.   The ALJ Improperly Discounted Plaintiff's Symptom Testimony**.

Once a disability claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to cause some level of pain of the type which the claimant alleges, the claimant's subjective complaints regarding the severity of her pain may not be discredited based solely on a lack of objective medical evidence to corroborate the extent of the alleged pain. Smolen, 80 F.3d at 1281-84; Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991); Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989). This rule is based on the recognition that pain is an inherently subjective phenomenon, which cannot be objectively verified or measured and varies significantly among individuals. Bunnell, 947 F.2d at 347. Unless the evidence suggests affirmatively that Plaintiff is malingering, the ALJ must provide clear and convincing reasons for rejecting Plaintiff's excess pain or symptom testimony. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

In discrediting Plaintiff's subjective allegations, the ALJ stated:

> In assessing credibility, other information is considered in conjunction with the medical record (SSR 96-7p). It is noteworthy that the claimant testified as to a wide variety of activities of daily living, including driving her minor children to and from school, shopping, cleaning, cooking, bathing and dressing herself, and performing household chores. Such activities are inconsistent with disability, and are consistent with the ability to perform work activities.

>Therefore, based on the medical and other evidence, it is the finding of the Administrative Law Judge that the claimant's allegations of complete inability to work are not credible.

(A.R. 20.)

Here, the ALJ failed to provide clear and convincing reasons for dismissing Plaintiff's subjective pain complaints. First, Plaintiff's testimony regarding her activities of daily living suggested that they are more limited than they have been portrayed by the ALJ. *See* Reddick v. Chater, 157 F.3d 715, 722-23 (9th Cir. 1998)(holding that the ALJ improperly discounted a claimant's subjective testimony when the ALJ paraphrased the record inaccurately). At the hearing, Plaintiff asserted she does household chores with the help of her daughters. (A.R. 29, 39.) Specifically, Plaintiff testified that she can only do "a little" cleaning, such as "mak[ing her] bed and maybe [cleaning] a couple [of] dishes and stuff." (A.R. 29.) She asserted that one of her daughters has been doing most of the cleaning in her home. (*Id.*) Plaintiff also stated that although she does the laundry, her children help her fold the clothes. (*Id.*)

In addition, Plaintiff testified that she only drives for short distances, as the drive to her children's school is approximately three blocks away from her home. (A.R. 30.) In fact, Plaintiff alleged that the pain in her back and hands prevents her from driving for long distances, as does the loss of vision she suffered based on her stroke. (A.R. 39.) As for her grocery shopping, Plaintiff stated that she only shops for 20 to 25 minutes and does her shopping with the help of her

children.  (A.R. 38-39.)  Moreover, her ten-year-old daughter carries the groceries for her.  (A.R. 31.)  Finally, the ALJ failed to note Plaintiff's testimony that she could "barely pick up a frying pan[,]" and has difficulty with handling and fingering, as she "drop[s] everything."  (A.R. 31, 40.)

Given the limited nature of Plaintiff's activities of daily living, the ALJ has failed to show their inconsistency with her disability. *See* Reddick, 157 F.3d at 722 ("Only if the level of activity were inconsistent with [c]laimant's claimed limitations would these activities have any bearing on [c]laimant's credibility."). Furthermore, these activities do not consume a substantial part of Plaintiff's day, and thus are not reflective of Plaintiff's ability to sustain gainful employment. *See* Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001)(stating that an ALJ may not discredit a claimant's allegations based on the inconsistency between her daily activities and her disability, where the activities do not take a substantial part of her day); *cf.* Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("[I]f a claimant engages in numerous daily activities involving skills that could be transferred to the workplace, the ALJ may discredit the claimant's allegations upon making specific findings relating to those activities."). Though the ALJ correctly stated that Plaintiff is able to bath and dress herself, such activities do not support the ALJ's decision that Plaintiff can sustain work at the light exertional level. *See* Fair, 885 F.2d at 603 (noting that a claimant is not required to be "utterly incapacitated" in order to be disabled and that "many home activities are not easily transferable to what may be the more grueling environment of the workplace").

1  Accordingly, the ALJ has failed to provide clear and convincing
2  reasons for discrediting Plaintiff's subjective allegations.

   **B.    Remand Is Required.**

   The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

   Here, remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. *See* Dodrill, 12 F.3d at 917-18 (remand appropriate to allow ALJ to identify specific facts in the record demonstrating that the claimant was in less pain than she stated); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record).

   ///
   ///
   ///
   ///

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: August 14, 2006

                                                            /s/
                                     MARGARET A. NAGLE
                       UNITED STATES MAGISTRATE JUDGE